### BEHRMAN v. VON HEYN.

*(Supreme Court, General Term, Second Department.   July 2, 1891.)*

TESTAMENTARY POWERS—SALE BY EXECUTORS—APPLICATION OF PURCHASE-MONEY.
   In an action to compel specific performance of a contract of sale, wherein the
   validity of plaintiff's title was denied, it appeared that testatrix devised certain
   property to her husband for life, remainder to her children in fee, with power to
   the executors to sell any of the real estate, provided testatrix's husband should
   consent thereto, and to execute deeds of the property, and directed that the net pro-
   ceeds of the sale be invested, and the profits paid to the husband during his life-
   time.   Plaintiff purchased a part of such land from the executors, and, after pay-
   ing off a mortgage, paid about one-fourth of the residue of the purchase money to
   the husband, and the balance to one of testatrix's children, with the assent of the
   executors, who executed a deed to plaintiff.   The husband consented to the sale.
   *Held*, that the executors' deed passed title to plaintiff, and that she was not bound
   to see to the application of the purchase money as directed in the will.

Case submitted on agreed statement.

Action by Mary S. Behrman against Metha Von Heyn to compel the specific
performance of a contract of sale of lands by acceptance of plaintiff's title, the
validity of which was denied by defendant.   A case was agreed and submitted;
and the facts therein contained, so far as necessary to an understanding of the
point in dispute, are stated in the opinion.

Argued before BARNARD, P. J., and DYKMAN and PRATT, JJ.

*Hubert D. Lent,* for plaintiff.   *Smith & Martin,* (*Wm. P. Fisher, Jr.,* and
*Newell Martin,* of counsel,) for defendant.

BARNARD, P. J.   Esther Mary Butler died in 1875, leaving real and personal
property.   She left a husband and two children.   By her will she made the
following disposition of her property: "I also hereby further give and bequeath
unto my said husband the use, income, and profit to be derived from all my
real estate, and the balance of my personal property, for and during his life-
time, and on his decease the same to be divided between my children then liv-
ing, if more than one, and, if only one such child, to have and take the whole
of my said estate and property: provided, however, that if any child dies leav-
ing issue, then such issue to take the share his or their parents would have
been entitled to have and take if then living."   The will contained a provis-
ion that the executors should have full power "to sell any and all my real
estate at any time, and on such terms as they may deem best for the interest
of my estate, (provided my husband, if then living, shall consent thereto,) and
thereupon to execute and deliver all necessary deeds and other instruments in
writing requisite to convey a good and perfect title thereto."   The will pro-
vided that the executors invest the net proceeds of the sale, and pay to the
husband during his life-time.   The executors sold a piece of land under the
power to the plaintiff for its full value, and received the money.   There was
a mortgage on the property, and unpaid taxes and assessments thereon, and
these were paid.   There was left $357.46, which was paid, $75 to the husband
of deceased, and $282.46 to one of the children, with the assent of the execu-

tors.  The question is whether Mrs. Behrman's title thus acquired is good. We think it is.  The executor's deed passed the title.  The deed of the sons which accompanied it conveyed nothing, as they had only a life-estate; but it did not hurt the deed of the executors.  The husband expressed his consent to the sale by the deed when the husband was executor as well as husband; but he went further, he joined in the deed with the sons which conveyed his life-estate.  The purchaser was not bound to follow the money, or to infer that it was not invested properly, when she paid over the same as directed by the trustee.  *Belmont* v. *O'Brien*, 12 N. Y. 394.  The judgment should be ordered for the plaintiff upon the submitted case, without costs.  All concur.